HENRY PATTON, AS ASSIGNEE OF OSCAR F. HAWLEY, ETC., APPELLANT, *v.* THE ROYAL BAKING POWDER COMPANY, RESPONDENT.

*Assignee for the benefit of creditors — when liable for damages occasioned by a breach of a contract made by his assignor which he has undertaken to complete.*

Upon the trial of this action brought by the plaintiff, as assignee of one Hawley, to recover for packing boxes sold and delivered to the defendant.    It appeared that the boxes were furnished under a written contract entered into between the defendant and Hawley, by which the latter agreed to furnish all the boxes that the defendant might require for one year from January 1, 1884, at certain specified prices, with a proviso that if Hawley failed to keep the defendant supplied with boxes the defendant could supply its wants by purchase in the open market, Hawley agreeing to pay any difference in cost between the boxes so purchased and the prices specified in the contract.    After the plaintiff had assumed the duties of his office as assignee of Hawley he entered upon the completion of the contract and claimed the right to and did deliver the boxes thereunder until about the 1st of October, 1885, when he notified the defendant of his inability to continue to carry it on "for the present." The defendant then entered into a contract with one Smith for the supply of the boxes for the remainder of the year at a price exceeding that fixed in the contract with Hawley.

*Held*, that the defendant was entitled to deduct the amount of the increase on the cost of the boxes delivered by Smith from the amount due to the plaintiff for boxes delivered by him.

That as the boxes had to be constructed for the special use of the defendant, both as to size and material, and there was no open market therefor, the defendant was entitled to enter into the contract with Smith for their manufacture.

APPEAL by the plaintiff from a judgment entered upon the verdict of a jury at the Kings County Circuit and from an order

denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Jos. A. Burr*, for the appellant.

*Platt & Bowers*, for the respondent.

Dykman, J. :

The complaint in this action sets up the sale and delivery of packing boxes by the plaintiff to the defendant, and demands judgment for their value.

The answer alleged the sale and reception of the boxes under a written contract between the defendant and one Oscar F. Hawley, by which he agreed to furnish all the boxes the defendant might require for one year from the 1st day of January, 1885, at certain specified prices with a proviso, in the event of a failure by Hawley at any time to keep the defendant fully supplied with boxes, in accordance with the conditions of the contract, which authorized the defendant to supply its wants and requirements in the open market without notice, and Hawley undertook to pay upon demand to the defendant any difference in cost of the boxes so purchased above the prices specified in the contract.

Then the answer avers the assignment of the contract by Hawley to the plaintiff who accepted the same, entered upon its completion and claimed the right to deliver the boxes under the same, and did actually deliver all the boxes for which he claims to recover in this action.

Then the charge in the answer is, that about the 1st of October, 1885, the plaintiff ceased the delivery of the boxes under the contract, and the defendant, between that time and the close of the year, was compelled to purchase such boxes in the open market at an increased cost of $2,124.18 above the prices at which they were to be delivered under the contract, and that amount was set up for a counter-claim in this action.

The answer specifically admitted the allegations of the complaint, and the questions involved sprung from the counter-claim of the defendant.

The answer plainly manifested the basal and important facts, and the chief contention upon the trial, and likewise upon this appeal,

was whether the counter-claim of the defendant could be allowed to off-set the claim of the plaintiff in this action.

The plaintiff was the general assignee of Hawley for the benefit of his creditors, and it was his contention that the counter-claim of the defendant could not be sustained and permitted as an off-set against him as such assignee.

If that proposition exhibited the true position of the plaintiff, it would remain without an answer and shield him from the counter-claim of the defendant, because it was an unliquidated claim for damages. But the assumption cannot be indulged.

Upon the trial of the action the defendant introduced testimony tending to show the adoption of the contract by the plaintiff after he became the assignee and the commencement of its execution and performance with the assent of the defendant. The contract then had about three months of life, and the claim of the plaintiff is asserted and founded upon the boxes so delivered by him in the continuous execution of the contract, and the counter-claim of the defendant grew out of the same contract and is set up as an off-set against a claim asserted by the plaintiff thereunder. It was less in amount than the plaintiff's claim and was set up for the reduction thereof only.

The adoption of the contract and the assumption of its performance by the plaintiff was claimed by the defendant, and the testimony was sufficient to carry the cause to the jury, and the charge of the court shows the theory upon which it was presented to that body. Among other instructions of the same import the charge contained the following directions: "As I have already said to you there was no legal obligation upon the part of this assignee to fulfill that contract, the moment the property was delivered to him he might have said I will do nothing further with this contract. I will leave it alone, but he did go on making these deliveries and the fact for you to determine is whether he simply made those deliveries intending to keep up and maintain the status between these parties until the creditors could determine whether they would permit the assignee to adopt the contract and fulfill it; whether that was his intention and known to be by the defendants (because they knew that Hawley had made this assignment) and acquiesced in by them; or did he by his actions adopt the contract, make him-

self a party to it and take the benefits that he could derive from the contract and assume its obligations? Unless he did the latter he is not liable in this action.

Before you can say that this counter-claim is a just and legal claim against him, you must be satisfied that he adopted the contract, that he made himself a party to it, that he assumed its obligations and took its benefits."

In relation to the breach of contract, the charge was this after a recitation of the testimony upon that subject: "If you find those two facts that there was an adoption by the assignee of the contract, and having adopted it there was a refusal on his part to perform it, then you have the elements of a claim in favor of these defendants against him, and it will be for you to go on and determine what the amount of that claim is."

The charge taken together laid a heavy burden upon the defendant, but it was successfully borne and the jury found in its favor. If we therefore now assume, as we must, that the jury found the facts required by the charge to be found before a verdict could be made in the defendant's favor, then a plain case is presented for the allowance of the counter-claim in reduction of the claim of the plaintiff.

The counter-claim arose out of the same contract and transaction set forth in the complaint as the foundation of the plaintiff's claim, and its allowance is manifestly just and right.

By the adoption of the contract the plaintiff became entitled to all the benefits, its performance and fulfillment might afford and he also became responsible for the liabilities its violation or breach might involve. He assumed its burdens and its obligations as well as its advantages and benefits.

This examination seems to demonstrate the legal right of the defendant to the allowance of its counter-claim as an off-set to the demand of the plaintiff so far as it extends, and that is the main question presented by this appeal.

The practice adopted seems to have been the result of certain stipulations of the parties, and the figures are somewhat obscure, but we do not examine either because they present only irregularities at most not errors.

The two questions answered by the jury in the defendant's favor

seem to be decisive of the case and the answers returned were plainly dictated by the testimony.

There is no force in the objections raised by the plaintiff to the failure of the defendant to go into the open market to procure the boxes which the plaintiff failed to furnish. The best answer to be made to the objection is that there was no open market for boxes into which the defendant could go to purchase. Packing boxes must be manufactured to order, and they are not kept in stock on sale like ordinary articles of merchandise or different kinds of grain. The exceptions of the plaintiff have all received careful attention without a discovery of error.

Our conclusion is in favor of the affirmance of the judgment, with costs.

BARNARD, P. J., concurred.

BARNARD, P. J.:

Whatever may be the legal difficulty arising from the relation of the parties, there is no justice in this appeal. One Hawley agreed with the defendant "to furnish all the boxes that may be required by parties of the second part for one year from January 1, 1884."

The agreement was partially executed when the contractor failed and assigned all his property to the plaintiff for the benefit of his creditors. Patten filed his bond and duly entered upon his duties as assignee. The assignee elected to execute the contract and gave notice to that effect, but in October following he gave notice of his inability to continue to carry it on "for the present." The contract with Hawley provided that on default to deliver boxes, the defendant could supply its want "by purchase on the open market." The difference in price to be paid by Hawley. The defendant then entered into a contract with one Smith, for the supply by him for the remainder of the year, and the difference between the rate agreed to by Hawley and Smith is not disputed. The boxes, as ready-made boxes, had no open market. They had to be constructed for special use both as to size and material. The agreement with Smith was therefore the only open market. The defendant was justified in contracting for the remainder of the term. The notice gave no limit for the disability on the plaintiff's

part to execute the contract, and the rate was reduced by the contract, for the term, some five per cent. The case, in brief, then is Hawley sold the boxes before the failure; the assignee continued to execute the contract after the failure. His complaint for goods sold as assignee, is both proven and admitted. The assignee elected to carry out his contract and made default, occasioning considerable loss to the defendant. As assignee he was not bound to execute the same and it is questionable if he had the power. He therefore assumed, individually, to carry out the contract, and, as between himself and the defendant, he is individually holden. If he, by the assent of the creditor, can throw the loss upon the assigned estate that is a question in which the defendant had no interest. There really is no question of either off-set or counter-claim. What is due on the contract taken together? The plaintiff, as assignee, cannot recover any more. The apparent personal charge against the assignee is not real. The assignee's claim was larger than the damages. The plaintiff took judgment for a sum under a stipulation to correct it after this suit was tried, and the defendant's claim for damages was established. The judgment against the plaintiff, individually, is under the stipulation only, a reduction of his claim as assignee.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

Judgment and order denying new trial affirmed, with costs.